UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MARIN, #267821,

    Petitioner,

                                     CASE NO. 2:14-CV-12400
v.                                  HONORABLE LINDA V. PARKER

LLOYD RAPELJE, et al.,

    Respondents.
_____/

**OPINION AND ORDER (1) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS; (2) DENYING A CERTIFICATE OF APPEALABILITY; (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; AND (4) DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL OR TRANSFER**

Michigan prisoner Daniel Marin ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 19, 2014, in which he challenges state civil forfeiture proceedings.[1]  He raises claims concerning an

---

[1]Those proceedings arose from events that resulted in Petitioner pleading guilty in the Circuit Court for Saginaw County, Michigan to the delivery or manufacture of more than forty-five kilograms of marijuana and conducting a criminal enterprise.  He was sentenced to concurrent terms of six and a half years to twenty-five years imprisonment on those convictions in 2012.  *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=267821.  Petitioner has filed a separate habeas petition challenging those convictions, which currently is pending before another judge of this Court.  *See Marin v. Rapelje*, No.
                                                                                                     (continued...)

alleged illegal search and seizure, the use of an ex parte motion, coercion to testify on his own behalf, the sufficiency of the evidence, his appearance in handcuffs, and the admission of an un-notarized affidavit at trial. On September 24, 2014, Petition filed a motion for appointment of counsel or transfer to the Saginaw Correctional Facility where he was housed when his petition was filed. (ECF No. 9.) For the reasons that follow, the Court summarily dismisses the petition. Petitioner's motion for counsel or transfer therefore is moot.

Promptly after the filing of a habeas petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has the duty to "screen out" petitions that lack merit on their face). The court is authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition and any attached exhibits that the

---

[1](...continued)
2:14-CV-11436 (E.D. Mich. filed April 8, 2014)(Rosen, C.J.).

petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking Rule 4's required review, the Court finds that Petitioner fails to state a claim upon which habeas relief may be granted under 28 U.S.C. § 2254.

Petitioner is challenging state civil forfeiture proceedings in this habeas action. The overwhelming consensus among district courts, however, is that such claims are not cognizable on federal habeas review. *See, e.g., Anaya v. Smith*, No. 3:11CV779, 2014 WL 315277, *27 n. 7 (N.D. Ohio Jan. 28, 2014) (citing cases for the principle that § 2254 cannot be used as means to contest a state civil forfeiture judgment); *Cannon v. Kelly*, No. 3:07CV583 DPJ-FKB, 2012 WL 1038802, *10 (S.D. Miss. March 29, 2012) (same); *Tharpe v. Quarterman*, No. 4:07cv494, 2007 WL 2491855, *1 (N.D. Texas Sept. 5, 2007) (citing *Ozoroski v. Klem*, No. 04-561, 2004 WL 1446046, *16 n. 16 (10th Cir. Jan. 24, 1997) ("the accuracy of the [state] forfeiture proceedings falls beyond this Court's province on habeas corpus

review")); *Van Lang v. St. Lawrence*, No. CV406-119, 2006 WL 1653630, at *1 (S.D. Ga. June 7, 2006) ("Because state civil forfeiture proceedings may not be challenged using habeas corpus pursuant to § 2254, this case should be dismissed without prejudice."); *Bowen v. United States*, No. 7:05cv37, 2005 WL 1676668, *2 (M.D. Ga. June 29, 2005) ("A writ of habeas corpus under 28 U.S.C. § 2254 is available for persons in custody pursuant to the judgment of a State court. Although petitioner argues that the imprisonment of his property violates his constitutional rights, § 2254 cannot be used to challenge the forfeiture of the funds seized."); *Dawkins v. United States*, 883 F. Supp. 83, 85 (E.D. Va. 1995) ("Nowhere does [28 U.S.C. § 2255] authorize collateral attacks on civil administrative forfeitures in an effort to secure the release of forfeited property or its cash equivalent."). Simply put, a writ of habeas corpus under 28 U.S.C. § 2254 is available for a person in custody pursuant to a state court judgment. Petitioner is not in custody pursuant to the judgment in the state civil forfeiture proceedings. Consequently, he fails to state a claim upon which habeas relief may be granted under 28 U.S.C. § 2254 and his petition must be dismissed.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner fails to satisfy this standard as no reasonable jurist would find that his challenge of the state civil forfeiture proceedings is cognizable on federal habeas corpus review. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and that leave to proceed *in forma pauperis* on appeal is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's Motion for Appointment of Counsel or Transfer Back to Saginaw Correction[al] Facility is **DENIED AS MOOT**.

        S/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: October 8, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 8, 2014, by electronic and/or U.S. First Class mail.

        S/ Richard Loury
        Case Manager